**Exhibit 3**

IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

CAPITOL BODY SHOP, INC.                      PLAINTIFF

VS.                              FILED CASE NO. 17 cv 00728-JAW

ZURICH AMERICAN INSURANCE    DEC 18 2017
COMPANY; ZURICH NORTH    ZACK WALLACE, CIRCUIT CLERK
AMERICA, INC;
UNIVERSAL UNDERWRITERS      BY _____ D.C.
INSURANCE COMPANY                     DEFENDANTS

**COMPLAINT WITH DISCOVERY ATTACHED**
**JURY TRIAL DEMANDED**

Capitol Body Shop files this Complaint against Zurich American Insurance Company, Zurich North America, Inc., and Universal Underwriters Insurance Company, and, in support, states as follows:

**PARTIES**

1. The Plaintiff, Capitol Body Shop, Inc. ("Capitol Body Shop"), is a business incorporated in the State of Mississippi, with its primary address at 102 Raymond Road, Jackson, Mississippi 39204. Capitol Body Shop is also located at 4230 Lakeland Drive, Flowood, Mississippi 39232.

2. Zurich American Insurance Company (hereafter referred to collectively as "Zurich") is an insurance company domiciled at 1299 Zurich Way, Schaumburg, IL 60196. Its registered agent is the Chief Financial Officer, 200 E. Gaines Street, Tallahassee, FL 32399.

3. Zurich North America, Inc., (hereinafter referred to collectively as "Zurich") is an insurance company domiciled at 100 N. Biscayne Blvd., Suite 1108, Miami, Florida 33132. Its registered agent for service of process is Rene Velazquez, CPA, PA, 100 N.

1

Biscayne Blvd., Suite 2800, Miami, FL 33132.

4. Universal Underwriters Insurance Company (hereafter referred to collectively as "Zurich") is an insurance company domiciled at 1299 Zurich Way, Schaumberg, IL 60196. Its registered agent is United States Corporation Company, 5760 I-55 North, Suite 150, Jackson, MS 39211.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the defendant Zurich entities because they entered into a contract to be performed in whole or in part in Mississippi, and the acts, omissions and misconduct of Zurich giving rise to this Complaint occurred in whole or in part within Mississippi.

6. Venue is proper in this Court pursuant to Miss. Code Ann. § 11-11-3.

## FACTUAL ALLEGATIONS

7. On March 13, 2013, an extremely strong hail, wind, and lightning storm struck central Mississippi, causing damage to the Capitol Body Shop buildings located at 102 Raymond Road, Jackson, Mississippi.

8. The national oceanic and atmospheric administration ("NOAA") has a webpage devoted to this hailstorm. http://www.srh.noaa.gov/jan/?n=2013_03_18_severe.

9. According to NOAA, the hailstorm produced golf ball to softball sized hail. The largest reported hailstone hit at approximately 3:50 p.m. and was measured to be 4.25 inches or "softball sized" hail. The hailstorm was described as the third largest hailstorm to hit Mississippi since 1950, and it was the seventh largest hailstorm recorded in Mississippi history. Also, prominent in the storm were high winds and lightning.

10. Capitol Body Shop buildings located at 102 Raymond Road and 4230 Lakeland Drive were in the path of this severe storm. They suffered significant damage. At Raymond Road, the damage included effective destruction of the roof on the main building and the office building, with consequential water leak damage to the interior of the buildings, including damage to insulation, carpet, and paint finishes. The damage further included electrical damage caused by lightning, which included damage to wiring and a central breaker box. The wind further destroyed the fence on the property. The Lakeland Drive buildings also suffered roof and related damage.

11. Zurich issued a policy to Capitol Body Shop on March 1, 2013, with a policy period extending to March 1, 2014, which is identified by policy number 275044. The policy covered the property located at 102 Raymond Road and at 4230 Lakeland Drive. The property damage which occurred on March 13, 2013, occurred within the policy period for this policy, and the damage to the Capitol Body Shop buildings was covered by this policy.

12. Zurich did not dispute that property damage at these two Capitol Body Shop locations was caused by this storm, and in fact Zurich sent adjusters and consultants to analyze the damage.

13. Zurich issued, and Capitol Body Shop received, a partial payment to repair the damage. However, the payment was not sufficient to repair the damage as no payment was made for roof damage or the consequential water damage precipitated by the roof damage at Raymond Road. The payment made as to Lakeland Drive was also inadequate.

14. On or about April 9, 2015, Zurich invited Capitol Body Shop to retain

consultants, at its own expense, to analyze whether the scope of damage previously paid by Zurich was appropriate. Zurich had an independent duty to adjust this claim properly and assess the scope of damage, but Capitol Body Shop nevertheless undertook the task of preparing and providing damages analysis in response to Zurich's continuing adjustment of the claim as set forth in the April 9, 2015, communication.

15. Capitol Body Shop retained an expert to perform inspection and analysis. The expert issued a report concluding that "... the roof edge, ridge cap and some of the seams had lifted up" and that "most of the metal deck fasteners were loose" and further that "[t]he problem was caused by hail and wind from storm on 3-18-13." The roofing expert recommended that all metal deck fasteners be replaced and that the roof be replaced, or at a minimum, that the roof be primed and sprayed with urethane foam as a mitigating measure to stop the leaking.

16. Capitol Body Shop supplied this information to Zurich and demanded payment for the roof damage and all consequential damages resulting therefor.

17. Zurich, having invited a substantive assessment of damage to the roof and damages arising therefrom, has ignored Capitol Body Shop's assessment and demand. It has not paid the for the damage; it has not said the damage is unrelated to the storm; it has not questioned the scope of the damage as set forth in the report; it has not questioned the costs associated with the damage described in the report; it has not questioned the causation opinion in the report; it has simply failed to respond in any substantive manner. Zurich's actions and inactions constitute denial or a denial of the claim, which constructive denial occurred after having received Capitol Body Shop's substantive report and information that Zurich had requested.

18. Zurich is without justification for failing to assess the information, failing to pay any amount for the roof damage and consequential damage and for failing to communicate its position to its insured.

19. Because Zurich failed to pay the claim and replace the roof, Capitol Body Shop undertook at its own expense mitigating actions to spray the roof with urethane foam to prevent continued leaking.

20. By failing to respond to Capitol Body Shop's submission and demand for payment and by failing to communicate with Capitol Body Shop subsequent to inviting its insured to submit expert information as to the roof damage, Zurich has denied or constructively denied the claim.

21. Zurich lacks a reasonable or arguable basis for failing to fully repair the damage to the body shops. Zurich's failure to pay one dime on the roof damage and failure to explain why it has refused to pay one dime for roof damage is bad faith.

## COUNT I: BREACH OF CONTRACT

22. Capitol Body Shop re-alleges the allegations set forth in Paragraphs 1-21 above.

23. Zurich has a contractual obligation to fully repair the damage to the buildings. In order to fulfill its obligations under the insurance contract, Zurich is obligated to pay the full cost to completely repair the buildings. By failing to agree to this repair, Zurich has breached the insurance contract.

24. Capitol Body Shop has suffered damages as a result of Zurich's breach of these duties and Zurich is obligated to pay full cost of repair in an amount set forth herein and/or to be proven at trial.

## COUNT II: BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

25. Capitol Body Shop re-alleges the allegations set forth in Paragraphs 1-24 above.

26. Zurich has a contractual duty to act in good faith and fair dealing in handling this claim. By refusing to fully repair the damage, Zurich has breached its duty of good faith and fair dealing that owed to Capitol Body Shop.

27. Capitol Body Shop has suffered damages as a result of Zurich's breach of these duties and Zurich is obligated to pay full cost of repair in an amount set forth herein and/or to be proven at trial.

## COUNT III: PUNITIVE DAMAGES

28. Capitol Body Shop re-alleges the allegations set forth in Paragraphs 1-27 above.

29. Zurich's actions and inactions in failing to pay any amount on the roof and consequential damages claim after having invited and required its insured to incur cost and expense to evaluate the claim through an expert, and Zurich's corresponding failure to explain why the insured's expert opinion is incorrect, constitutes gross negligence, malice, and/or intentional misconduct justifying an award of punitive damages. Zurich has refused to adjust the claim and has simply failed to provide any response to Capitol Body Shop's information as provided in response to Zurich's April 9, 2015, invitation, which constitutes a deliberate and intentional refusal to perform the contract. This overt misconduct cannot be deemed a "pocketbook dispute" because Zurich has not offered any proceeds or made any analysis of the information provided by Capitol Body Shop.

30. Capitol Body Shop has suffered damages as a result of Zurich's breach of

these duties and Zurich is obligated to pay punitive damages in an amount to be determined by a jury at trial.

## REQUEST FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Capitol Body Shop requests the following relief that is due to it as a proximate result of the Defendants' breaches, acts, and omissions as described herein and to be proven at trial:

A. An award of compensatory damages for the amounts due under the policy to repair the premises, including payment for the cost of replacing the roof, payment for the cost of mitigating the damage (*i.e.*, the temporary roof repairs including the foam spraying), and consequential damages to include payment for damage to interior insulation, interior walls and paint, and interior carpet;

B. An amount to compensate for all consequential and incidental damages, to include out-of-pocket costs associated with investigating and providing evidence;

C. An award of *Veazley* damages, including but not limited to attorney's fees for prosecuting this action;

D. An award of punitive damages in an amount sufficient to deter misconduct of this nature;

E. Inconvenience and aggravation damages;

F. Prejudgment interest on all amounts of contract damages owed;

G. Any other relief the court deems appropriate.

This, the __18__ day of December, 2017.

                                    Respectfully submitted,

                                    **CAPITOL BODY SHOP**

                                    _____
                                    C. Maison Heidelberg, MSB #9559
                                    J. Chase Bryan, MSB #9333

OF COUNSEL:

WATSON HEIDELBERG JONES PLLC
2829 Lakeland Drive, Suite 1502
Flowood, MS 39232
Post Office Box 23546
Jackson, MS 39225
Telephone: (601) 939-8900
Facsimile: (601) 932-4400
mheidelberg@whjpllc.com
cbryan@whjpllc.com